```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS

NICHOLAS A. RITROVATO,          )
                                )
          Plaintiff,            )
                                )
     v.                         )    C.A. No. 23-10301-PBS
                                )
DAVID MCARTHUR, et al.,         )
                                )
          Defendants.           )
```

**MEMORANDUM AND ORDER**

**May 4, 2023**

Saris, D.J.

Pro se litigant Nicholas Ritrovato has filed a civil complaint in which he alleges that TD Bank and two individuals "intercepted" three checks with a combined total of $500,000 that were meant for him. (Dkt. No. 1). Ritrovato has also filed a motion for leave to proceed in forma pauperis. (Dkt. No. 2). For the reasons stated below, the Court will grant Ritrovato's motion to proceed in forma pauperis and order that this action be dismissed for lack of subject matter jurisdiction.

**I.   Motion for Leave to Proceed in Forma Pauperis**

Upon review of Ritrovato's motion for leave to proceed in forma pauperis, the Court GRANTS the same.

## II. Review of the Complaint

### A. Court's Authority to Review the Complaint

Because Ritrovato is proceeding in forma pauperis, the Court may conduct a preliminary review of the complaint and dismiss any claim that fails to state a claim upon which relief may be granted, is malicious or frivolous, or asserts claims for monetary damages against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2).

In addition, a court has an obligation to inquire sua sponte into its own subject matter jurisdiction, regardless of the status of the filing fee. See McCulloch v. Velez, 364 F.3d 1, 5 (1st Cir. 2004). Federal courts are of limited jurisdiction, "and the requirement of subject-matter jurisdiction 'functions as a restriction on federal power.'" Fafel v. Dipaola, 399 F.3d 403, 410 (1st Cir. 2005) (quoting Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 702 (1982)). Federal courts "must satisfy themselves that subject-matter jurisdiction has been established." Id. "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

**B. Ritrovato's Statement of His Claim**

Ritrovato brings this action against TD Bank and two individuals—David McArthur and Michelle McArthur—for whom Ritrovato provides an address in Wakefield, Massachusetts. Ritrovato's statement of his claim consists of the following:

> Deposited 3 checks exceeding $500,000.00 total in an account at TD Bank. Checks deposited were intercepted at the Clark University graduation ceremony in May 2000 and payable to another party, Nicholas A. Ritrovato III. Offense included crossing payees name out and putting the assumed identity name and signing the checks instead of the payee. Conspired with the bank to present the checks for payment.
>
> Nicholas A. Ritrovato is entitled to $3,000,000.00 which includes the check proceeds, damages, and long term deposit interest.

Compl. at 4.

**C. Court Lacks Subject Matter Jurisdiction**

Federal district courts may exercise jurisdiction over civil actions arising under federal laws, see 28 U.S.C. § 1331 ("§ 1331"), and over certain actions in which the parties are of diverse citizenship[1] and the amount in controversy exceeds $75,000, see 28 U.S.C. § 1332 ("§ 1332").

---

[1] In this context, state "citizenship" refers to the state in which a party is domiciled. It does not refer to the country in which a party has citizenship. See Garcia Perez v. Santaella, 364 F.3d 348, 350 (1st Cir. 2004).

Here, Ritrovato invokes the Court's federal question subject matter jurisdiction under § 1331. In his jurisdictional allegation, Ritrovato characterizes his claim as one for bank fraud and identifies 18 U.S.C. § 1344 as the federal law under which his claim arises. See Compl. at 3.

The bank fraud statute to which Ritrovato refers provides for criminal penalties of up to a $1,000,000 fine, imprisonment of up to 30 years, or both. See 18 U.S.C. § 1344  It gives the United States the authority to prosecute persons who have committed bank fraud, as defined in the statute. It does not, however, provide a right of action by which a private litigant may file a lawsuit against a person who has allegedly committed bank fraud. Thus, it does not provide for jurisdiction under § 1331.

Further, Ritrovato does not identify, nor can the Court discern, any other federal law that would be applicable in this action. Accordingly, the Court does not have subject matter jurisdiction over this action under § 1331.

It does not appear that Ritrovato invokes the Court's diversity subject matter jurisdiction under § 1332. Further, it does not appear that he could do so. Jurisdiction under § 1332 exists only when the plaintiff is not domiciled in the same state as any of the defendants. See Caterpillar Inc. v. Lewis,

519 U.S. 61, 68 (1996). In the complaint, Ritrovato represents that he and the two individual defendants have addresses in Massachusetts. Compl. at 1-2. In the apparent absence of complete diversity of citizenship between Ritrovato and the defendants, subject matter jurisdiction under § 1332 does not exist. Thus, even assuming that Ritrovato's allegations could be the basis of a claim under state law, he cannot pursue the claim in a federal court.

**III. Conclusion**

Accordingly, for the reasons stated above, the Court hereby orders:

(1) Ritrovato's motion to proceed in forma pauperis is GRANTED.

(2) This action is DISMISSED without prejudice for lack of subject matter jurisdiction.

(3) Ritrovato's request to subpoena TD Bank (Dkt. No. 5) is DENIED as moot.

SO ORDERED.

                                        /s/ Patti B. Saris
                                        PATTI B. SARIS
                                        UNITED STATES DISTRICT JUDGE