```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS

NICHOLAS A. RITROVATO,            )
                                  )
          Plaintiff,              )
                                  )
     v.                           )    C.A. No. 23-10301-PBS
                                  )
DAVID MCARTHUR, et al.,           )
                                  )
          Defendants.             )
```

**ORDER**

**October 5, 2023**

Saris, D.J.

On February 6, 2023, <u>pro se</u> litigant Nicholas Ritrovato filed a civil complaint in which he alleged that TD Bank and two individuals "intercepted" three checks with a combined total of $500,000 that were meant for him. (Dkt. No. 1). On May 4, 2023, the Court dismissed the action without prejudice on the ground that the Court lacked subject matter jurisdiction. (Dkt. Nos. 8, 9). Ritrovato has since filed a letter objecting to the dismissal of the action (Dkt. No. 10), motions to amend his complaint (Dkt. Nos. 13, 14, 15), a motion to vacate the order of dismissal (Dkt. No. 12), and a motion to serve a demand letter on the defendant (Dkt. No. 11). For the reasons stated below, the Court DENIES all the motions and enjoins Ritrovato from filing any additional documents in this matter except for those necessary to effect an appeal.

I.  **Dismissal for Lack of Subject Matter Jurisdiction**

In his complaint, Ritrovato had invoked the Court's subject matter jurisdiction under 28 U.S.C. § 1331, which states that federal district courts have original jurisdiction "of all civil actions arising under the Constitution, laws, or treaties of the United States."  In dismissing the action for lack of subject matter jurisdiction, the Court explained that, although federal law criminalizes bank fraud, 18 U.S.C. § 1344, there is no federal statute that provides a right of action by which a private litigant may file a lawsuit against a party who has allegedly committed bank fraud.[1]

II. **Ritrovato's Post-Judgment Filings**

None of the arguments or assertions in Ritrovato's pending motions or proposed pleading amendments provide a basis for this Court to exercise its federal question subject matter jurisdiction.  Ritrovato argues:

> In using the court's [form complaint] I had no intention of making any claim of diversity of citizenship . . . . It is however, my assertion that the federal courts could in no way shirk jurisdiction of a tort claim for personal property recovery where the bank systems, and the means and instrumentalities are used to convert property regardless of the location of the bank.
>
> . . .

---

[1] The Court also observed that, under the facts alleged, 28 U.S.C. § 1332 did not provide an alternate basis for jurisdiction.

> I should have available civil cause for action in this tort claim recovering my personal property-irrevocable gifts.  Bank fraud is merely a statutorily prohibited activity that by violating a federal law raises a federal question.

Letter (Dkt. No. 10).

A civil claim does not arise under federal law, for purposes of jurisdiction under 28 U.S.C. § 1331, simply because the alleged misconduct is violative of federal law.  Subject to exceptions not relevant here, "an action arises under federal law if that law 'creates the cause of action asserted.'" Badgerow v. Walters, 596 U.S. --, 142 S.Ct. 1310, 1216 (2022) (quoting Gunn v. Minton, 568 U.S. 251, 257 (2013)).

As the Court has already explained, the federal bank fraud statute—or any other federal statute--does not give a private citizen the right to bring a civil claim against a bank based on alleged conduct that violated 18 U.S.C. § 1344.  Thus, federal law does not "create[] the cause of action [Ritrovato] assert[s]," even if his claim incorporates federal standards of conduct.  See, e.g., Merrell Dow Pharms. Inc. v. Thompson, 478 U.S. 804 (1986) (holding that incorporation of federal standard in state-law private action, when no cause of action, either express or implied, exists for violations of that federal

3

standard, does not make the action one "arising under" federal law as the term is used in 28 U.S.C. § 1331); Port of Corpus .

In contrast, Massachusetts law provides causes of action for fraud, see, e.g., Balles v. Babcock Power Inc., 476 Mass. 565, 574 (2017) (setting forth the elements of a claim for fraud), conversion (including conversion of money), see, e.g., Weiler v. PortfolioScope, Inc., 469 Mass. 75, 87 (2014) ("[C]onversion may lie if an individual wrongly exercises dominion or control over the money of another."), and unfair or deceptive acts or practices in the conduct of trade or commerce, see M.G.L. ch. 93A, §§ 2, 9.[2]

**III. Conclusion**

Accordingly, the Court hereby orders:

1. This action will remain closed for the reasons set forth above and all pending motions are DENIED.

2. Ritrovato is prohibited from filing any more papers in this action (except for any documents concerning an appeal). Failure to comply with this order may result in sanctions, including monetary sanctions. The Clerk may refuse to accept

---

[2] The Court takes no position whether, based on the alleged facts of this action, Ritrovato could state a viable claim for relief under state law.

and/or return to Ritrovato any documents filed in violation of this order.

3.   Ritrovato shall not make any express or implied representation to any of the defendants in this action that this lawsuit is pending and/or a defendant is required to take any action with regard to this closed action.  Failure to comply with this order may result in sanctions, including monetary sanctions.

SO ORDERED.

/s/ Patti B. Saris
PATTI B. SARIS
UNITED STATES DISTRICT JUDGE